UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH A. ROGERS,

    Petitioner,

    v.

GARY SWARTHOUT, Warden,

    Respondent.

No. C-14-3087 EMC (pr)

**ORDER TO SHOW CAUSE**

## I. INTRODUCTION

Petitioner, an inmate at the California State Prison - Solano, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II. BACKGROUND

The petition and attachments provide the following information: Petitioner was convicted in Mendocino County Superior Court of conspiracy to commit murder and attempted murder with premeditation. On April 6, 2010, he was sentenced to 25 years to life in prison. Petitioner appealed. In 2012, the California Court of Appeal affirmed the conviction and the California Supreme Court denied the petition for review. Petitioner also filed unsuccessful petitions for writ of habeas corpus in the state courts. He then filed this action.

### III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The petition alleges the following claims. First, Petitioner claims that he was denied counsel at a critical stage of the proceedings when his retained counsel was allowed to withdraw in a hearing at which Petitioner was not represented by counsel. Second, he contends that he received ineffective assistance of trial counsel when counsel failed to object under *Crawford v Washington*, 541 U.S. 36 (2004), to Michael Peacock's testimony regarding Richard Peacock's statements. Third, he claims that he received ineffective assistance of appellate counsel in that counsel failed to argue that (a) the denial of legal counsel was the complete denial of counsel and (b) trial counsel was ineffective in not making the *Crawford* objection. Liberally construed, the claims appear to be cognizable in a federal habeas action.

### IV. CONCLUSION

For the foregoing reasons,

1. The petition warrants a response.

2. The Clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **October 3, 2014**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on Respondent on or before **October 31, 2014**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: July 25, 2014

_____
EDWARD M. CHEN
United States District Judge

3