UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH A. ROGERS,

    Petitioner,

    v.

GARY SWARTHOUT, Warden,

    Respondent.

No. C-14-3087 EMC (pr)

**ORDER DENYING MOTIONS FOR DISCOVERY AND A WALL**

    Kenneth A. Rogers has filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This order addresses Mr. Rogers' motion to conduct discovery and motion to set up a "wall" between Respondent's counsel and a particular attorney. For the reasons discussed below, both motions will be denied.

A.   <u>Motion To Conduct Discovery</u>

    Unlike an ordinary civil litigant, a habeas petitioner must obtain court permission before he may conduct any discovery. Discovery may be taken only to the extent that the court, in the exercise of its discretion and for good cause shown, allows it. *See* Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Good cause for discovery under Rule 6(a) is shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . .'" *See Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (citation omitted); *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005). To determine whether good cause exists to allow discovery by Mr. Rogers, this Court will consider the nature of the habeas claim for which discovery

is sought, the sort of discovery requested, the purported need for the discovery, and the value the discovery might have in the federal habeas proceedings.

Mr. Rogers was charged with, among other things, conspiracy to commit murder. The prosecutor's theory apparently was that Richard Peacock shot the victim pursuant to a conspiracy with Mr. Rogers. Mr. Rogers was called as a witness at Richard Peacock's preliminary hearing, and winked at Richard Peacock as he left the stand. Later in the day, Mr. Rogers' then-attorney Donald Masuda gave Peacock's attorney a message from Mr. Rogers that was understood by Richard Peacock to be a threat to harm Richard Peacock's daughter. Cal. Ct. App. Opinion, p. 5. (The prosecutor did not assert that attorney Masuda knew the message's threatening nature. *See* Cal. Ct. App. Opinion, p. 14 n.5.) Later, attorney Masuda withdrew from representing Mr. Rogers due to a concern that he might be called as a witness to the purported threat.

In his federal habeas petition, Mr. Rogers has asserted a claim that he was denied counsel at a critical stage of the proceedings when attorney Masuda was allowed to withdraw in a hearing at which Petitioner was not represented by counsel. In his discovery motion, Mr. Rogers faults attorney Masuda for withdrawing, faults the trial court for letting attorney Masuda withdraw and then not forcing him to take up the case again when it was learned that the attorney would not be called as a witness, and faults the prosecutor for causing attorney Masuda to withdraw by allegedly fabricating the need for attorney Masuda to be a witness.

Mr. Rogers wants permission to do the following discovery: (a) request production of his criminal case file from the district attorney's office and (b) take the deposition of deputy district attorney Newman. This discovery allegedly will enable him to show that deputy district attorney Stoen (who was Newman's predecessor) forced attorney Masuda out of the case improperly because there was never a need to have attorney Masuda as a witness to the alleged threat. *See, e.g.,* Docket # 13 at 6 (unspecified documents from district attorney's file "are necessary to show and prove that Deputy District Attorney interfered with petitioner's rights to retain counsel of his choice" and are necessary for the deposition of deputy district attorney Newman). According to Mr. Rogers, deputy district attorney Newman explained that, under state law, attorney Masuda could not be called as a witness because there were two other witnesses to the threat. Mr. Rogers contends that deputy

2

district attorney Stoen wrongly caused the withdrawal of the attorney by "suppress[ing] both facts and case law that Masuda could not be call[ed] as a witness." Docket # 13 at 6. Mr. Rogers does not contend that the threat was not made, but only that attorney Masuda's withdrawal prompted by the threat was improper.

Mr. Rogers has failed to show good cause for the requested discovery because there is no reason to believe that, if he obtains the requested discovery and the facts are fully developed, he will be able to demonstrate that he is entitled to relief. *See Bracy*, 520 U.S. at 908-09.

First, there is the impediment posed by § 2254(d)(1) for claims that were adjudicated in state court. Mr. Rogers' claim that his Sixth Amendment right to counsel was violated by the withdrawal of attorney Masuda was adjudicated on the merits in state court.[1] A district court may grant a petition challenging a state conviction or sentence on the basis of a claim that was "adjudicated on the merits" in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Section 2254(d)(1) applies to Mr. Rogers' claim. In reviewing the reasonableness of a state court's decision to which § 2254(d)(1) applies, a district court may rely only on the record that was before the state court. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). Since this Court must analyze any claim as to which § 2254(d)(1) applies without any new evidence, *see Pinholster*, 131 S. Ct. at 1399, a petitioner must show that the discovery is for a claim that was not adjudicated on the merits in state court. Mr. Rogers has not done so here.

---

[1] Here, the California Court of Appeal rejected Mr. Rogers' Sixth Amendment claim on the merits, explaining that the trial court properly allowed the attorney to withdraw due to reasonable concerns that attorney Masuda could be called as a witness and that, "even if not called as a witness, [Masuda's credibility] could be diminished in the jury's eyes if evidence was presented that he had some part in conveying a threat by his client, and that this could impair the effectiveness of his representation." Cal. Ct. App. Opinion, p. 15. The record did not show that Mr. Rogers was willing to waive the potential conflict or objected when attorney Masuda moved to withdraw. *Id.* at 15. Further, when it appeared that Masuda might not have to be a witness and might be allowed to resume representation, attorney Masuda did not express interest in again representing Mr. Rogers. *Id.* at 16.

Second, § 2254(e) dramatically limits the power of a federal court to accept new evidence from a habeas petitioner. A district court may not hold an evidentiary hearing on a claim for which the petitioner failed to develop a factual basis in state court unless the petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). Mr. Rogers has not satisfied § 2254(e)(2)'s very demanding requirements. He seeks discovery on a Sixth Amendment claim that is unrelated to guilt or innocence of the crime of which he was convicted – i.e., conspiracy to commit murder and attempted murder – and has not made any of the showings necessary for an evidentiary hearing at which to present any information he might uncover during his proposed discovery. It is unclear from the limited record before the Court whether Mr. Rogers was charged with making the threat to Richard Peacock (i.e., the act that provided the impetus for the withdrawal of attorney Masuda), but it is clear that he wasn't convicted of such a crime. There is no need to develop the record to challenge a conviction that did not occur. In any event, Mr. Rogers has not shown the facts he now intends to elicit in discovery could not have been previously developed and discovered in the state court.

Mr. Rogers has not shown the necessary good cause to be permitted to do discovery. His motion for discovery therefore is DENIED. Docket # 13. The Court has made its ruling based on the limited record made available to it. This order does not mean that any claims in the petition are meritless or may be ignored when it is time to file an answer and traverse.

B.  "Motion To Put A Wall" Between A Witness And Respondent's Counsel

Mr. Rogers made a related motion for the Court to establish a "wall" to prevent any communication between former deputy district attorney Newman and the California Attorney General's office. Mr. Newman now works at the California Attorney General's office, according to

Mr. Rogers.[2] Mr. Rogers thinks that it would be beneficial for a "wall" to be established as "the only way to prevent a conflict of interest" from occurring because Newman took or may take a position that Mr. Rogers believes is inconsistent with a position that the California Attorney General will take in this case. *See* Docket # 14 at 3-4.

The "conflict" Mr. Rogers claims exists is not a genuine conflict, let alone one with any legal consequences. Mr. Rogers has grossly overstated the "conflict" between Mr. Newman and other parts of the prosecution team in his assertion that Mr. Newman moved for reconsideration to reinstate attorney Masuda "because there were material misrepresentations by deputy district attorney Stoen." *Id.* at 4. Mr. Newman did not tell the trial court that Mr. Stoen had made "material misrepresentations." *See* Docket # 15 at 49-50, 53-56 (RT 241-242, 245-247). Instead, Mr. Newman suggested that the withdrawal of attorney Masuda may have been made upon a mistaken view of the law by all concerned, rather than some purposeful bad act by Mr. Stoen. Docket # 15 at 55 (RT 247) (Newman stating that "presumably neither the court nor any of the attorneys in the room were aware of the case law to the effect that an attorney cannot be called as a witness where there are other witnesses that could testify to the same facts."). Also, the transcript indicates that Mr. Newman had consulted with Mr. Stoen on the legal issue before making his statements. *See* Docket # 15 at 54 (RT 246 (Newman stating, "I discussed this case with Mr. Stoen yesterday prior to making this appearance" and he agreed it would be best to try to bring attorney Masuda back

///
///
///
///
///

---

[2] It is highly doubtful that Mr. Rogers has one of his key facts right. The California Attorney General's office is not listed as the address for any of the six attorneys who show up on the California State Bar's website in response to an inquiry for an attorney named "Newman, Brian." *See* http://members.calbar.ca.gov/fal/MemberSearch/QuickSearch (last visited January 16, 2015). The "Linkedin.com" profile for a person likely to be the Brian Newman in question states he left the Attorney General's office in 2012.

in to appear in the action). Finally, Mr. Rogers has not shown any legal requirement that a person who might take a position different from the Attorney General's office must be isolated from that office. The "motion to put a wall between" Mr. Newman and the California Attorney General's office is DENIED. Docket # 14.

IT IS SO ORDERED.

Dated: February 3, 2015

_____
EDWARD M. CHEN
United States District Judge