UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH A. ROGERS,

    Petitioner,

v.

GARY SWARTHOUT, Warden,

    Respondent.

No. C-14-3087 EMC (pr)

**ORDER DENYING RESPONDENT'S MOTION TO DISMISS**

## I. INTRODUCTION

Kenneth Rogers filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely. Mr. Rogers has filed an opposition to the motion. For the reasons discussed below, the Court denies the motion to dismiss and sets a briefing schedule on the petition.

## II. BACKGROUND

Mr. Rogers was convicted in Mendocino County Superior Court of conspiracy to commit murder and attempted murder with premeditation. The prosecutor's theory apparently was that Richard Peacock shot the victim pursuant to a conspiracy with Mr. Rogers. For purposes of the pending motion, it is not necessary to recount all the evidence at trial. He was sentenced to 25 years to life in prison in April 2010.

Mr. Rogers appealed and filed a state petition for writ of habeas corpus. On June 5, 2012, the California Court of Appeal affirmed the conviction and denied the petition for writ of habeas

corpus. On September 12, 2012, the California Supreme Court denied Mr. Rogers' petition for review and his petition for writ of habeas corpus.

On September 13, 2013, Mr. Rogers filed a petition for writ of habeas corpus in the Mendocino County Superior Court. The Mendocino County Superior Court denied that petition on December 4, 2013 as a second or successive petition, with a citation to *In re Clark*, 5 Cal. 4th 750, 767-68 (Cal. 1993). Resp. Ex. G at 1.

On February 25, 2014, Mr. Rogers filed a motion to recall the remittitur and reinstate the appeal in the California Court of Appeal. The motion was denied by the California Court of Appeal on April 17, 2014. Mr. Rogers petitioned for review of that decision on May 20, 2014, and the California Supreme Court denied this petition for review on June 25, 2014.

On July 8, 2014, Mr. Rogers filed his federal petition for writ of habeas corpus. Someone acting on Mr. Rogers' behalf personally filed the petition at the courthouse on July 8, 2014. *See* Docket # 1-4 at 22 (proof of service dated July 8, 2014 that copy was hand-delivered by H. Herships to California Attorney General's office), # 1-6 (July 8, 2014 receipt for filing fee paid by H. Herships). The prison mailbox rule does not apply because the petition was not mailed from prison to the court. *Cf. Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

### III.   DISCUSSION

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Here, the judgment became final and the limitations period began on December 11, 2012, ninety days after the California Supreme Court denied the petition for review on September 12, 2012. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the

period during which the petitioner could have sought further direct review, regardless of whether he did so). The presumptive deadline for Mr. Rogers to file his federal petition was December 11, 2013. He missed that deadline by many months, so unless he qualifies for substantial tolling, the petition is untimely.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An "application for post-conviction review is pending 'in the absence of undue delay,' while a California petitioner 'complete[s] a full round of [state] collateral review.'" *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003) (quoting *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)), *abrogated on other grounds by Evans v. Chavis*, 546 U.S. 189, 193 (2006). The application is considered to be pending during the time a petition is actually open on the docket of a court as well as during the interval between the disposition of the habeas petition and the filing of an appeal or habeas petition at the next state appellate level in the absence of undue delay. *Id.* "This is true even if the contents of the petitions change." *Id.* at 819-20.

The limitations period was statutorily tolled during the time the habeas petition was pending in the Mendocino County Superior Court. The superior court denied the petition for the procedural reason that it was a successive petition, i.e., it raised claims that had been or should have been raised in the earlier petition for writ of habeas corpus. Respondent contends that the petition was not properly filed because it was denied as successive and therefore should have no tolling effect. This Court disagrees. The rejection of this petition by the superior court as a successive petition does not mean that it was not "a properly filed application" for post-conviction relief. An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000). And a petition is "properly filed" "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz*, 531 U.S. at 8. "[T]he question whether an application has been 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar." *Id.* at 9. The fact that an

1 application for state post-conviction relief contains procedurally barred claims does not render the
2 application improperly filed for purposes of tolling the one-year limitation period under §
3 2244(d)(2). *See Artuz*, 531 U.S. at 9; *see generally Jenkins v. Johnson*, 330 F.3d 1146, 1152-53 (9th
4 Cir. 2003) (because it was not clear under Oregon law whether state timeliness statute applied to
5 petitioner at the time he filed his fourth amended petition, and state successive petition statute
6 imposed only conditional, not absolute, bar to obtaining relief, the petition was properly filed),
7 *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Smith v. Duncan*, 297
8 F.3d 809, 812 (9th Cir. 2002) (California's *In re Swain* and *In re Waltreus* bars not a condition to
9 filing; consequently, petitions rejected under these bars are properly filed as long as they were
10 properly delivered and accepted), *overruled on other grounds by Pace*, 544 U.S. 408.

11 Respondent correctly notes that the case of *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir.
12 2010), stated that, "for statutory tolling under 2244(d) to apply, the state habeas petition cannot be
13 untimely or an improper successive petition." Docket # 16 at 4. However, that statement was dicta
14 rather than the holding because the case involved a state petition rejected as untimely rather than as
15 successive. Also, the case cited by *Porter* as support for the quoted proposition, *Townsend v*
16 *Knowles*, 562 F.3d 1200 (9th Cir. 2009), *overruled on other grounds by Walker v. Martin*, 562 U.S.
17 307 (2011), does not address the tolling effect of a petition that was rejected as successive by the
18 state court. *Artuz* held that a petition rejected by the state court as a successive petition could
19 nonetheless be a properly filed petition, and the dicta in *Porter* does not convince this Court not to
20 follow *Artuz*. The Supreme Court addressed the statutory tolling provision again in *Pace*, 544 U.S.
21 408, when it held that a state habeas petition rejected by a state court as untimely was not "properly
22 filed" for purposes of § 2244(d)(2). *Pace* did not overturn *Artuz*'s rule that a petition rejected as
23 successive may nonetheless be a properly filed petition, and instead addressed a timeliness question
24 that had been left open in *Artuz*. *See Pace*, 544 U.S. at 413 (in *Artuz*, "we reserved the question we
25 face here: 'whether the existence of certain exceptions to a timely filing requirement can prevent a
26 late application from being considered improperly filed'").

27 Mr. Rogers also is entitled to statutory tolling for the pendency of the motion to recall the
28 remittitur (as well as for the pendency of the petition for review filed after the denial of that

4

motion).[1]  Respondent characterizes the motion to recall the remittitur as being related to the direct appeal, rather than a collateral challenge, and therefore not entitled to any statutory tolling under § 2244(d)(2).  But California law on the recall-of-the-remittitur procedure is not as simple as Respondent suggests.  A motion to recall the remittitur in California courts may be in the nature of a habeas petition in some cases, depending on the arguments made in the motion.  "A motion to recall the remittitur can reinstate a direct appeal.  However, a motion to recall the remittitur can also act as a habeas petition.  Thus, depending on the claims raised, a motion to recall the remittitur may serve as a habeas petition, thus tolling the statute of limitations for filing federal habeas claims."  *Williams v. Harrison*, 368 Fed. App'x 764, 765 (9th Cir. 2010) (internal citations omitted).  For example, a motion to recall the remittitur alleging ineffective assistance of appellate counsel or alleging that the statute did not criminalize defendant's undisputed conduct could "function equivalently to a writ."  *Id.* at 766.  Here, Mr. Rogers' motion to recall the remittitur asserted habeas-type claims, including that he had received ineffective assistance of appellate counsel.  *See* Resp. Ex. H.  His motion to recall the remittitur was the functional equivalent of a habeas petition, as it included a claim of ineffective assistance of appellate counsel.  *See Williams*, 368 Fed. App'x at 766.  *Cf. In re Smith*, 3 Cal. 3d 192, 203-04 (Cal. 1970) (treating a petition for habeas corpus asserting ineffective-assistance-of-appellate-counsel claims as an application to recall the remittitur in the appellate court,

---

[1] The California procedure of recalling the remittitur was explained in *In re Grunau*, 169 Cal. App. 4th 997, 1002-03 (Cal. Ct. App. 2008):

> Remittitur is the device by which an appellate court formally communicates its judgment to the lower court, finally concluding the appeal and relinquishing jurisdiction over the matter. (See 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, §§ 841, pp. 904–905, 844, pp. 906–907; Code Civ. Proc., §§ 43, 912.) By recalling the remittitur, an appellate court reasserts jurisdiction on the basis that the remittitur, or more often the judgment it transmitted, was procured by some improper or defective means. Technically the court does not reclaim a jurisdiction it has lost, but disregards a relinquishment of jurisdiction that is shown to have been vitiated. (See 9 Witkin, supra, § 847, pp. 909–910.)

Historically, the remittitur could only be recalled when the appellate judgment was the product of fraud, mistake or inadvertence. *Grunau*, 169 Cal. App. 4th at 1003.  Now, it also is allowed in "criminal cases where the appellate judgment is shown to result from the ineffective assistance of appellate counsel." *Id.*

and transferring case to the court of appeal with directions to recall the remittitur, vacate its decision, reinstate the appeal, and appoint other counsel for appellant); *People v. Mutch*, 4 Cal. 3d 389, 396-97 (Cal. 1971) (generally, an error of law does not authorize the recalling of a remittitur unless the error is of such dimensions as to entitle defendant to a writ of habeas corpus; "[t]he remedy of recall of the remittitur may then be deemed an adjunct to the writ, and will be granted when appropriate to implement the defendant's right to habeas corpus"). Mr. Rogers' motion to recall the remittitur may have been an uncommon choice, but it was a properly filed application for state collateral review that statutorily tolled the limitations period. Mr. Rogers also is entitled to statutory tolling for the petition for review he filed to challenge the denial of his motion to recall the remittitur, as that also was a properly filed application for state collateral review.

The next question is whether Mr. Rogers is entitled to tolling for the 82-day gap between the denial of his petition for writ of habeas corpus in the Mendocino County Superior Court on December 4, 2013 and the filing of the motion to recall the remittitur in the California Court of Appeal on February 25, 2014. Although it is a close call, the Court concludes that filing at the next-level court 82 days after the denial at the lower-level court is filing within a reasonable time. *See Evans v. Chavis*, 546 U.S. 189, 193 (2006); *see, e.g., Stewart v. Cate*, 757 F.3d 929, 936-37 (9th Cir. 2014) (finding delay of 100 days with no showing of good cause an unreasonable delay); *Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010) (finding delay of 146 days between successive petitions not reasonable, so later petition not "timely filed"); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (unexplained, and hence unjustified, delays of 115 and 101 days between California habeas petitions were not reasonable); *Waldrip v. Hall*, 548 F.3d 729, 735-36 (9th Cir. 2008) (holding delay of at least eight months not "reasonable" and thus not subject to tolling); *Gaston v. Palmer*, 447 F.3d 1165, 1167 (9th Cir. 2006) (finding no "gap tolling" during delays of 10, 15 and 18 months between California habeas petitions). Under similar reasoning, Mr. Rogers also is entitled to tolling for the much shorter 32-day gap between the denial of his motion to recall the remittitur in the California Court of Appeal and the filing of the petition for review in the California Supreme Court to seek review of that decision.

Mr. Rogers thus is entitled to statutory tolling for 285 days from the September 13, 2013 filing of his petition for writ of habeas corpus in the Mendocino County Superior Court through the denial of his petition for review in the California Supreme Court on June 25, 2014. The 285 days of tolled time for his state court collateral review efforts are enough to make the federal petition timely and to make it unnecessary to consider whether any equitable tolling applies.

When the California Supreme Court denied Mr. Rogers' petition for review of the denial of the motion to recall the remittitur on June 25, 2014, only 276 days of untolled time had passed and 89 days remained in the one-year limitations period to get to federal court. Mr. Rogers met that deadline when he filed his federal habeas petition on July 8, 2014 two weeks after the California Supreme Court denied his petition for review on June 25, 2014. The federal petition for writ of habeas corpus was filed before the expiration of the habeas limitations period.

## IV.   CONCLUSION

Respondent's motion to dismiss the petition as untimely is **DENIED**. (Docket # 16.)

The Court now sets the following new briefing schedule for the petition for writ of habeas corpus: On or before **March 13, 2015**, Respondent must file and serve on Petitioner his answer to the petition. On or before **April 10, 2015**, Petitioner must file and serve on Respondent's counsel his traverse.

IT IS SO ORDERED.

Dated: February 4, 2015

_____
EDWARD M. CHEN
United States District Judge