UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH A. ROGERS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>GARY SWARTHOUT, Warden,<br><br>　　　　Respondent._____/ | No. C-14-3087 EMC (pr)<br><br>**ORDER DENYING MOTION TO STRIKE AND REQUEST FOR JUDGMENT ON THE PLEADINGS** |

　　　　Petitioner filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his state court conviction for conspiracy to commit murder and attempted murder with premeditation. Respondent has filed an answer and Petitioner has filed a traverse. Rather than wait for the Court to adjudicate the petition in due course, Petitioner has filed a motion to strike the answer and a request for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(f) because the answer allegedly provides an insufficient defense and contains "redundant, immaterial, impertinent, and . . . scandalous matters." Docket # 30 at 4. Petitioner's motions reflect nothing more than his disagreement with Respondent's arguments as to why the petition should be denied, but his mere disagreement with his opponent's position is not a sufficient basis to strike the opponent's pleading, nor is it alone a sufficient basis on which to grant judgment on the pleadings. Further, even if the answer were stricken, it would not necessarily follow that Petitioner would be entitled to judgment on the pleadings – the Court still must determine whether the petition is meritorious. *Cf. Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment"). To

determine whether the petition is meritorious, it must look beyond the face of the petition and must consider the state court's adjudication of the merits of the claims, with the deference required by 28 U.S.C. § 2254(d) and (e). The motion to strike the answer and request for judgment on the pleadings are **DENIED**. Docket # 29, # 30.

Petitioner has requested appointment of counsel to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See id.* The interests of justice do not require appointment of counsel in this action. The request for appointment of counsel is **DENIED**. Docket # 28.

IT IS SO ORDERED.

Dated: June 11, 2015

_____
EDWARD M. CHEN
United States District Judge

2